UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN A. SEFCIK,

        Plaintiff,

    -against-

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant.
----------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 14-1978

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ MAR 15 2016 ★

LONG ISLAND OFFICE

APPEARANCES:

Farley & Kessler, PC
By: Richard L. Farley, Esq.
55 Jericho Turnpike
Jericho, NY 11735
Attorneys for Plaintiff

Hurwitz & Fine, P.C.
By: Elizabeth A. Fitzpatrick, Esq.
535 Broad Hollow Road, B-7
Melville, NY 11747
Attorney for Defendant

WEXLER, District Judge:

      Plaintiff John Sefcik ("Sefcik" or "Plaintiff") brings this action regarding his automobile insurance policy with Defendant State Farm Fire and Casualty Company ("State Farm" or "Defendant"). Plaintiff seeks a declaratory judgment that Defendant is obligated to provide him coverage, and also brings claims for breach of contract and breach of the implied covenant of good faith and fair dealing. State Farm and Plaintiff move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. Proc."), seeking a declaration on

whether State Farm is obligated to provide coverage.[1] For the reasons that follow, Defendant's motion for summary judgment is granted and Plaintiff's motion is denied.

## BACKGROUND

The facts are largely undisputed.[2] Plaintiff had automobile insurance with Defendant State Farm, Policy Number 54 5592-B02-23B, originally effective August 2, 2013 through February 2, 2104 ("the "Policy"). On September 27, 2013, State Farm issued a Cancellation Notice for non-payment of premium. On October 18, 2013 at 8:52 am, Plaintiff was involved in a three-vehicle car accident while driving his own car. Later in the day on October 18th, sometime after the accident, Plaintiff called State Farm and paid the outstanding premium due in the amount of $267.18 to have the policy reinstated. Plaintiff does not deny that when he called State Farm to pay the overdue premium and reinstate the policy, he did not inform State Farm of his accident that morning. On October 22, 2013, State Farm reinstated the policy, effective October 18, 2013 at 12:01am.

On October 29, 2013, State Farm sent Plaintiff a letter stating that State Farm was investigating the question of whether it was "obligated to pay, indemnify, defend or otherwise perform under the policy for the loss" from the October 18th accident. Affidavit of Lee Shramko ("Shramko Aff."), Ex. B. On November 12, 2013, State Farm issued to Plaintiff a New York

---

[1] Plaintiff's original cross-motion for summary judgment was denied without prejudice to be re-filed in accordance with this Court's rules. Despite not refiling that motion as directed, the Court considers that cross-motion here, as originally filed.

[2] The facts are taken from the parties' Local Rule 56.1 Statements, unless otherwise noted. The Court notes that Plaintiff did not submit a Counter-Rule 56.1 Statement in opposition to Defendant's motion, permitting the Court to deem the facts in Defendant's Local Rule 56.1 Statement as admitted for purposes of the motion. See Local Rule 56.1(c).

Motor Vehicle No-Fault Insurance Denial of Claim Form, denying coverage since the Policy was "not in force on the day of accident." See Complaint, Exhibit 1. This action, originally filed in state court, was removed to this Court on March 24, 2014.

## DISCUSSION

I. <u>Standards for Summary Judgment</u>

The standards for summary judgment are well settled. Rule 56(a) of the Fed. R. Civ. Proc. states that summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). The moving party bears the burden of showing entitlement to summary judgment. See <u>Huminski v. Corsones</u>, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences favor of that party, and to eschew credibility assessments." <u>Amnesty Am. v. Town of W. Hartford</u>, 361 F.3d 113, 122 (2d Cir. 2004); see <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts .... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" <u>Caldarola v. Calabrese</u>, 298 F.3d 156, 160 (2d Cir. 2002) (quoting <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986) (emphasis in original)).

II. <u>Insurance Does Not Cover "Known Losses"</u>

Defendant argues that even though the Policy was reinstated on October 22 effective

October 18 at 12:01 am., before the accident, the long-standing "known loss" doctrine precludes coverage for this loss. The "known loss" defense is the "insurance law principle that an insured may not obtain insurance to cover a loss that is known before the policy takes effect." Stonewall Ins. Co. v. Asbestos Claims Management Corp., 73 F.3d 1178, 1214 (2d Cir. 1995), modified on other grounds, 85 F.3d 49 (2d Cir.1996) (citing Bartholomew v. Appalachian Insurance Co., 655 F.2d 27, 28–29 (1st Cir. 1981)). In other words, insurance cannot be purchased for a home that has already burned down. Stonewall Ins., 73 F.3d at 1215. See also National Union Fire Ins. Co. of Pittsburgh, PA. v. Stroh Companies, Inc., 265 F.3d 97 (2d Cir. 2001) (noting that New York law bars coverage for a "known loss," but not for the risk of loss) (citing City of Johnstown v. Bankers Std. Ins. Co., 877 F.2d 1146, 1153 (2d Cir. 1989)).

Similarly, definitions under the New York Insurance Law require that the validity of an insurance contract relies upon the happening of a "fortuitous event" that is "to a substantial extent beyond the control of either party." See N.Y. Ins. Law, § 1101(a)(1) & (2); Consolidated Edison Co. of New York Inc. v. Allstate Ins. Co., 98 N.Y.2d 208, 220, 774 N.E.2d 687, 746 N.Y.S.2d 622 (2002).

Here, there is no doubt that Plaintiff knew that he had been in a car accident that morning when he called to pay the overdue premium and reinstate the policy. He does not dispute that he did not report the accident to State Farm during that call. Clearly, this was a "known loss" to Plaintiff when he called to reinstate the Policy, and coverage for this loss is therefore precluded by operation of New York law. See 84 Albany Ave. Realty Corp. v. Standard Fire Ins. Co., 13 F.Supp.3d 241, 246 (E.D.N.Y. 2014) (known loss doctrine bars coverage for Hurricane Sandy damage where insured attempted to renew a lapsed policy the next day).

### III. State Farm Properly Canceled the Policy

Plaintiff argues that Defendant improperly canceled the policy on September 27, 2013, asserting that Defendant did not comply with N.Y. Insurance Law § 3426 (b) & (c) that requires that notice of cancellation be provided to the insured as well as the insured's authorized agent or broker. Plaintiff argues that since notice was not provided to his broker, Robert Marciante, the policy was improperly canceled.

Yet, it is clear on its very face that Insurance Law § 3426 applies to commercial lines, and not to the automobile policy at issue here; a distinction not disputed by Plaintiff. Instead, New York's Vehicle and Traffic Law ("VTL") applies, and VTL §313 requires that to properly cancel automobile insurance in the state of New York, the insurer must mail a notice of cancellation fifteen days before cancellation for non-payment of premium, and the Department of Motor Vehicles ("DMV") must be advised of the cancellation within thirty days of the effective date. VTL § 313 (1) and (2).

As noted above, there is no dispute that on September 27, 2013, State Farm sent Plaintiff a notice of cancellation, effective October 15, 2013, more than 15 days before the cancellation. Affidavit of Dawn Thompson ("Thompson Aff."), Ex. D. There is also no dispute that DMV was advised of the cancellation on October 22, 2013, within thirty days of the effective date. Thompson Aff., Ex. F. Therefore, Plaintiff's Policy was properly canceled by State Farm.

The Court finds that the Policy does not cover this loss, and therefore further finds that there is no basis for Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Defendant's motion for summary judgment is granted in its entirety.

## CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is granted and Plaintiff's motion for summary judgment is denied. The Clerk of the Court is directed to close the file on this matter.

SO ORDERED.

s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
March 15, 2016